| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO<br><br>Court Address:<br>1777 6th Street<br>Boulder, CO 80301 | DATE FILED: March 21, 2023 3:29 PM<br>FILING ID: FB69A8C991ED6<br>CASE NUMBER: 2023CV30196<br><br>**COURT USE ONLY** |
| Plaintiff:  Scott Smith,<br><br>v.<br><br>Defendants: United Fire & Casualty Company, an Iowa Corporation. | Case No.<br><br>Div. |
| *Attorneys for Plaintiffs:*<br>John Taussig, III, #13496<br>Elaine Corey #20387<br>TAUSSIG & SMITH, PC<br>1873 S. Bellaire Street; Suite 400<br>Denver, CO  80222<br>Phone No.:    (303) 443-2700<br>Fax No.:       NONE DESIGNATED<br>Email:          jt@taussigsmith.com<br>                    elaine@taussigamith.com<br><br>Ryan D. Malnar, #48439<br>Nicolas Mahoy, #51362<br>Malnar Injury Law<br>6799 Bismark Road, Suite C<br>Colorado Springs, CO 80922<br>Phone No.:    (719) 426-3411<br>Fax No.:       (719) 466-6529<br>Email:          ryan@coautoinjury.com<br>                    nic@coautoinjury.com | |
| **COMPLAINT AND JURY DEMAND** | |

Scott Smith ("Plaintiff"), by and through counsel, John G. Taussig, III of Taussig & Smith, P.C., and Ryan Malnar of Malnar Injury Law files this Complaint against Defendant United Fire & Casualty Company, hereinafter ("United Fire" or "Defendant") and for his claims and causes of action state as follows:

# GENERAL ALLEGATIONS

1. Plaintiff is a resident of El Paso County, Colorado.

2. Defendant, United Fire & Casualty Company, hereinafter ("United Fire" or "Defendant"), is an insurance company doing business in the State of Colorado with is principal place of business at 118 2nd Avenue SE, Cedar Rapids, IA 52401. United Fire is a foreign corporation with registered agent, the CT Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112.

3. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

4. At all times relevant hereto, Defendant was subject to the following insurance industry standards:

    a. Insurance companies must conduct an objective and thorough investigation <u>looking for all possible bases for payments of claims</u>.
    b. **Insurance companies must never refuse to pay claims without first conducting a reasonable investigation based upon all available information.**
    c. <u>Insurance companies must adopt and implement standards for proper claim handling</u>.
    d. Insurance companies must never deny claims based on <u>speculation or assumptions</u>.
    e. Insurance companies must provide a <u>written explanation of the decision, when denying a claim</u>.
    f. All the industry standards listed in CRS 10-3-1104(1)(h).

5. On or about September 11, 2019, Plaintiff was operative a 2013 Ford F-250 Truck and was traveling southbound at or near the location of the 2800 block of South Powers Boulevard in Colorado Springs, Colorado. At the same time, Ernest Lewis, operating a 2011 Ford Escape was traveling southbound at or near the location of the 2800 block of South Powers Boulevard in Colorado Springs, Colorado. Plaintiff brought his vehicle to a stop in traffic, Mr. Lewis failed to stop his vehicle and struck the rear-end of Plaintiff's vehicle. As a result of this impact, Plaintiff suffered damages, harms and losses.

6. At the time of the subject collision, Plaintiff was working for First General Services of Colorado Springs, Inc.

7. As a direct and proximate result of the inattentive driving, negligence and recklessness of Mr. Lewis, Plaintiff suffered personal injuries including, but not limited to, chronic distal fibular fracture, medial mallecular fracture of his right ankle, a lateral talar dome osteochrondral fracture with an ATFL and calcaneofibular ligament tear with a lost body, loose debris found in the region of the FHL tendon, strain of muscle, fascia and tendon at neck level, myositis, sprain of cervical ligaments, segmental and somatic dysfunction of cervical, pelvic, rib and upper extremity region.

8. As a further direct and proximate result of the negligence of Mr. Lewis, Plaintiff has had to obtain the services of and incur expenses for medical treatment, such treatment includes the cost of doctors, hospitals, surgeons, physical therapy, prescriptions and other medical personnel and expenses.

9. As a result of the negligence of Mr. Lewis, Plaintiff has incurred and will in the future incur expenses for medical treatment.

10. From the very beginning of the case and claims, Defendant knew the subject incident was severe in nature as to property damages and injuries.

11. United Fire knew or should have known the Plaintiff's UIM claims were policy(ies) limit claims.

12. Throughout the course of this claim, United Fire has been requesting and receiving medical and billing records clearly showing accident-related care and that the Plaintiff's claims clearly exceed the amount of available coverage.

13. The subject accident occurred on September 11, 2019, and by the time it gets to trial, the claim will have accrued at least 4 years of interest increasing damages Plaintiff is entitled to recovery by at least 50%.

14. At all times relevant hereto, Mr. Lewis had a duty to exercise reasonable care in the operation of his vehicle upon the public roadways of the State of Colorado.

15. Mr. Lewis breached his duty by crashing in to the vehicle in which Plaintiff was operating. Mr. Lewis' carelessness and recklessness resulted in the collision with the Plaintiff.

16. As a direct and proximate results of the negligence of the underinsured, Mr. Lewis, Plaintiff has been damaged as described above.

17. Defendant, as the underinsured motorist carrier, is responsible for his damages.

18. Plaintiff through counsel submitted all reports, medical records, and other items requested by United Fire to United Fire in support of Plaintiff's request for underinsured motorist benefits.

19. On or about June 16, 2020, Plaintiff requested Mr. Lewis' own bodily insurance carrier ("State Farm") pay out their policy limits as damages to the Plaintiff.

20. State Farm quickly found Plaintiff's damages to be far in excess of $100,000.00 policy limits and paid the limits of $100,000.00 to the Plaintiff on or about March 10, 2021.

21. At the same time, Plaintiff requested payment from State Farm, Plaintiff also requested Defendant also pay the Plaintiff for his injuries and damages.

22. Subsequent to the initial request for payment, Defendant offered $50,000.00 as a full and final settlement for Plaintiff.

23. Correspondence requesting a breakdown of the offer was sent to Defendant on October 6, 2020.

24. On January 14, 2021, Defendant provided a letter to Plaintiff with a breakdown of the settlement offer and advised that Plaintiff's claim for future medicals, loss of earning capacity and loss of consortium were not considered in their evaluation.

25. On or around March 2021, a request for permission to settle was provided to Defendant along with a copy documentation from State Farm that included the policy information previously requested by Defendant.

26. On September 22, 2020, Plaintiff provided a complete document submission to Defendant that included all pre- and post-collision medical records and associated billing records.

27. There was no comparative negligence or fault on the part of the Plaintiff.

28. The Plaintiff has not failed to mitigate any of the damages which he suffered in this incident as a result of the negligent conduct of the underinsured motorist.

29. The negligence of a third party over whom Plaintiff has no control was a factor in causing or contributing to the collision in question.

30. Defendant had completed and unfettered access to any and all data needed to arrive at the calculations of benefits due, including past and future medical expenses, other economic losses, non-economic losses, disfigurement and physical impairment.

31. Defendant unreasonably denied and delayed UM benefits in violation of CRS 1-3-1115.

32. Defendant knew its conduct was unreasonable; and/or recklessly disregarded the fact that its conduct was unreasonable.

33. Defendant's unreasonable conduct caused the Plaintiff damages.

34. Defendant denied and delayed payment of the contract benefits to the Plaintiff.

35. Defendant's denial and delay of paying the contract benefits was without a reasonable basis.

36. Defendant knew its denial and delay in paying the contract benefits lacked a reasonable basis.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract-Declaratory Judgment as to UIM Benefits Owed)

37. Plaintiff incorporates all previous allegations as if more fully set forth herein.

38. At all times relevant to this action, Plaintiff is insured under the United Fire policy 60414938, which was in full force and effect on the date of the collision complained of herein.

39. The policy provided each Plaintiff with $1,000,000 in UIM coverage. Defendant unreasonably and without justification reduces the amount of available benefits to the plaintiff by applying setoffs contrary to Colorado Law.

40. Plaintiff has complied with all conditions precedent to coverage under the insurance policies issued by Defendant.

41. To the extent the Plaintiff has failed to comply with any of the contractual obligations, Defendant has not been prejudiced by the failure to comply.

42. At all times relevant to the action, Defendant owed to Plaintiff the implied duty of good faith and fair dealing under the contract of insurance.

43. Defendant breached its contract by unreasonably denying and delaying a payment of underinsured motorist benefits pursuant to the policy amongst other breaches.

44. As a direct and proximate result of Defendants' breach of contract, Plaintiff has incurred damages as set forth herein.

## SECOND CLAIM FOR RELIEF
### (Breach of the Duty of Good Faith and Fair Dealing; *Savio v. Travelers,* 678 P.2d 549 (Colo.App.1983))

45. Plaintiff incorporates all previous allegations as if more fully set forth herein.

46. As providers of insurance services to the public, Defendant at all times has a duty to act, with good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe and practice the principles of law and equity in all matters pertaining to the business of insurance.

47. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith and deal fairly with their insureds.

48. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiffs certain duties that it breached by willfully violating the industry standards listed in CRS 10-3-1104(1)(h) and by violating those standards in other claims frequency enough to

indicate a business practice; CRS 10-3-1113; and by violating the following industry standards:

    a.    Insurance companies must conduct an objective and thorough investigation <u>looking for all possible bases for payment of claims</u>.
    b.    **Insurance companies must never refuse to pay claims without first conducting a reasonable investigation based upon all available information.**
    c.    <u>Insurance companies must adopt and implement standards for proper claim handling</u>.
    d.    Insurance companies must never deny claims based on <u>speculation or assumptions</u>.
    e.    Insurance companies must provide a <u>written explanation of the decision when denying a claim</u>.
    f.    Any further acts which may be discovered.

49. Defendant's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that conduct was unreasonable.

50. As a direct and proximate result of Defendant's breach of its duty of good faither and fair dealing, Plaintiff has sustained damages in an amount to be proved at the time of trial.

### THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. 10-3-1115(1)(A) and C.R.S. 10-3-1116(1))

51. Plaintiff incorporates all previous allegations as if more fully set forth herein.

52. Defendant's denials and delays of plaintiffs' claim for underinsured motorist benefits were unreasonable.

53. Pursuant to C.R.S. 10-3-1116(1), Plaintiff is entitled to reasonable attorneys' fees, costs and two times the covered benefit for each such delay or denial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that judgment be entered in her favor and against the Defendants for actual damages in an amount which will reasonably compensate them for their damages, including compensation for:

    a. A declaration of rights under the insurance policy with each Defendant, including the UIM benefits owed to Plaintiff by Defendants; in the event Defendants have not paid them by the time this matter proceeds;
    b. Compensatory damages that Plaintiff is entitled to for Defendants' breach of contract (including UIM benefits owed, and any damages beyond UIM benefits) and unreasonable conduct and bad faith breach of insurance contract, including economic losses, emotional distress, and any unpaid contractual benefits;
    c. Compensatory damages that Plaintiff is entitled to for Defendants' bad faith;

    d. Reasonable attorney's fees, costs and two times the covered benefit (in addition to the covered benefit), pursuant to C.R.S. § 10-3-1116(1) for each unreasonable denial and delay;
    e. Interest for wrongful withholding pursuant to C.R.S. 5-12-102;
    f. Pre-judgment and post-judgment interest, (pursuant to Colorado law, including the personal injury statute) costs, expert witness fees, and any other relief to which Plaintiff is entitled;
    g. For such other and further relief as the Court deems just and proper.

Plaintiff reserves the right to move to add exemplary damages, to add breach of contract, bad faith, and statutory claims. EXEMPLARY DAMAGES: Defendants' conduct has been willful and wanton, therefore Plaintiff reserves the right to amend later to add such a prayer for relief. Plaintiff also reserves the right to amend to add any co-conspirators as defendants.

**PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**
.
Respectfully submitted this 21st day of March, 2023.

        TAUSSIG & SMITH, P.C.

        /s/ John G. Taussig
        John G. Taussig, III, #13496
        1873 South Bellaire Street, Suite 400
        Denver, CO 80222

        /s/ Ryan D. Malnar
        Ryan D. Malnar, #48439
        Nicolas Mahoy, #51362
        Malnar Law, P.C.
        6799 Bismark Road, Suite C
        Colorado Springs, CO 80922
        **ATTORNEYS FOR PLAINTIFF**

Plaintiffs' Address:
1625 Tuskegee Place, #160
Colorado Springs, CO 80915